AO 241
(Rev. 12/04)                                                                                              Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF                    06 - 619
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: DELAWARE |
|---|---|

| Name (under which you were convicted):<br>JAMAh K. GROSVENOR | Docket or Case No.:<br>0204003496 |
|---|---|

| Place of Confinement:<br>DELAWARE CORRECTIONAL CENTER | Prisoner No.:<br>367677 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| JAMAh K. GROSVENOR | v. THOMAS L. CARROll |

The Attorney General of the State of

## PETITION

FILED

OCT - 4 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned
NO IPP

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:
     DELAWARE SUPERIOR COURT
     500 N. KING STREET
     WILM, DE 19801
     (b) Criminal docket or case number (if you know): 0204003496

2.   (a) Date of the judgment of conviction (if you know): DEC. 11, 2002

     (b) Date of sentencing: MARCH 21, 2003

3.   Length of sentence: 7 YRS. LEVEL 5, DECREASING LEVELS PROBATION (8 YRS)

4.   In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:
     POSSESSION OF A FIREARM DURING COMMISSION OF A FELONY
     2 COUNTS OF 1ST DEGREE ROBERY

6.   (a) What was your plea? (Check one)

        ☐  (1)   Not guilty          ☐   (3)   Nolo contendere (no contest)
        ☑  (2)   Guilty              ☐   (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☐  Jury   ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes   ☐ No

8.    Did you appeal from the judgment of conviction?

    ☐  Yes.   ☑ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes   ☐  No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: SUPERIOR COURT

(2) Docket or case number (if you know): 0204003496

(3) Date of filing (if you know): APRIL 7, 2003

(4) Nature of the proceeding: POST CONVICTION RELIEF

(5) Grounds raised:

1) CONFLICT OF INTEREST
2) FAILURE TO MOTION TO HAVE CHARGES DISMISSED
3) COERCION
4) FAILURE TO MOTION FOR SEVERENCE
5) FAILURE TO ADEQUATELY CONSULT

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: DENIED

(8) Date of result (if you know): MARCH 30, 2004

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: SUPERIOR COURT

(2) Docket or case number (if you know): 0204003496

(3) Date of filing (if you know): SEPT. 30, 2005

(4) Nature of the proceeding: POST-CONVICTION RELIEF

(5) Grounds raised:

1) FAILURE TO ARRAIGN
2) FAILURE TO PREPARE FOR TRIAL
3) CONFLICT OF INTEREST
4) COERCION (BY COUNSEL)
5) COERCION (BY PROSECUTION)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: DENIED

(8) Date of result (if you know): JAN. 6, 2006

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes      ☐  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ☑ Yes      ☐  No

(2) Second petition:    ☑ Yes      ☐  No

(3) Third petition:      ☐  Yes      ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: FAiLURE TO ARRAIGN

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETiTiONER WAS NEVER ARRAIGNED, AS SET FORTH IN STATE AND FEDERAL LAW. THiS ViOLATiON ALSO ViOlAtEd his 5Th, 6TH, AND 14Th AMENDMENT RiGHTS, AND DELAWARE CRiMiNAl RulES 10 AND 43.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 12/04)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST- CONVICTION

Name and location of the court where the motion or petition was filed:
SUPERIOR COURT, 500 N. KING STREET
WILM, DE 19801
Docket or case number (if you know):  0204003496

Date of the court's decision:  JAN. 6, 2006

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?       ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
CLERK OF SUPREME COURT
P.O. BOX 476, DOVER, DE 19903
Docket or case number (if you know):  01, 2006

Date of the court's decision:  JUNE 26, 2006
Result (attach a copy of the court's opinion or order, if available):  DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 12/04)

Page 8

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO: CONFLICT OF INTEREST

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER'S COUNSEL ARRANGED AND TOOK PART IN A MEETING WHERE HE ACTED AS ONE WITH PETITIONER'S CO-defENdANT'S LAWYERS IN ORDER TO INDUCE A GUILTY PLEA FROM PETITIONER OR his CO-defENDANTS. HE DID THIS WITHOUT PETITIONER'S CONSENT, NOR DID HE NOTIFY THE JUDGE PRESIDING OVER CASE. HE DID THIS TO COVER his ERRORS AND OMMISSIONS AND TO SHOW LOYALTY TO HiS LONGTIME FRIEND, Dt. PATRICK CORCORAN (LEAD Dt. ON CASE)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST-CONVICTION

Name and location of the court where the motion or petition was filed:
SUPERIOR COURT, 500 N. KiNG STREET
WILM, DE 19801
Docket or case number (if you know): 0204003496

Date of the court's decision:
JAN. 6, 2006

AO 241
(Rev. 12-04)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
CLERK OF SUPREME COURT
P.O. BOX 476, DOVER, DE 19903
Docket or case number (if you know): 61, 2006
Date of the court's decision: JUNE 26, 2006
Result (attach a copy of the court's opinion or order, if available): DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

**GROUND THREE:** COERCION BY COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER'S COUNSEL COERCED his CO-DEFENDANT iNTO
TAKING A PLEA WHICH CAUSED HiM TO MAKE A TAPED STATEMENT
AGAINST PETITIONER, RESULTING iN him ACCEPTING A PLEA.

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST- CONVICTION

Name and location of the court where the motion or petition was filed:
SUPERIOR COURT
500 N. KING STREET, WILM, DE 19801
Docket or case number (if you know): 0204003496

Date of the court's decision: Jan. 6, 2006

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ☐ Yes      ☑ No

(4) Did you appeal from the denial of your motion or petition?      ☑ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ☑ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
CLERK OF SUPREME COURT
P.O. BOX 476, DOVER, DE 19903
Docket or case number (if you know): 61, 2006

Date of the court's decision: JUNE 26, 2006

Result (attach a copy of the court's opinion or order, if available): DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

## GROUND FOUR: COERCION BY PROSECUTION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

CO-DEFENDANT CHRIS GRAY SUBMITTED A AFFIDAVIT TO
PETITIONER THROUGH THIRD PARTY. IN THIS AFFIDAVIT,
GRAY TESTIFIES THAT HE WAS COERCED INTO CHANGING
HIS STATEMENT TO IMPLEMENT PETITIONER AND OTHER
CODEFENDANTS. HE WAS COERCED BY FRANCIS FARREN,
DT. CORCORAN (NEWARK PD), AND his LAWYER John MALIK.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes        ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes        ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST - CONVICTION

AO 241
(Rev. 12/04)

Page 12

Name and location of the court where the motion or petition was filed:
SUPERIOR COURT, 500 N. KING STREET
WILM, DE 19801
Docket or case number (if you know): 0204003496

Date of the court's decision: JAN. 6, 2006

Result (attach a copy of the court's opinion or order. if available): DENIED

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
SUPREME COURT CLERK
P.O. BOX 476, DOVER, DE 19903
Docket or case number (if you know): 61, 2006

Date of the court's decision: JUNE 26, 2006

Result (attach a copy of the court's opinion or order, if available):    DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

GROUND FIVE: FAILURE TO PREPARE FOR TRIAL

(a) SUPPORTING FACTS: COUNSEL (KEVIN J. O'CONNELL Jr.)
DID NOT REVEAL SCIENTIFIC EVIDENCE SUCH AS THE RESULTS
OF FINGERPRINT, FOOTPRINT, BLOOD, AND HAIR TESTS OR
EXCULPATORY EVIDENCE; DID NOT CONSULT WITH PETITIONER;
DID NOT FILE MOTIONS TO HAVE CHARGES DISMISSED OR
MERGED; DID NOT FILE MOTION TO SEVER DEFENDANTS;
AND DID NOT SECURE PETITIONER'S CONSTITUTIONAL RIGHT
OF ARRAIGNMENT.

(d) POST-CONVICTION WAS FILED ON SEPT. 30, 2005 IN THE
SUPERIOR COURT, 500 N. KING ST., WILM, DE 19801

CASE NO: 0204003496

DATE OF COURTS DECISION: JAN. 6, 2006

RESULT: DENIED

DID NOT RECIEVE A HEARING
YES I APPEALED AND RAISED THIS CLAIM. CA. NO. 61, 2006
APPEAL WAS DECIDED ON: JUNE 26, 2006
RESULT DENIED


GROUND SIX: FAILED TO REVEAL EXCULPATORY EVIDENCE

(a) SUPPORTING FACTS: COUNSEL FAILED TO REVEAL THE FACT
THAT ALL SCIENTIFIC TEST CAME BACK NEGATIVE BEFORE
STONGLY OR FORCEFULLY OFFERING PETITIONER A PLEA AGREEMENT.
CONSEQUENTLY, PETITIONER'S GUILTY COULD NOT HAVE BEEN
KNOWING, VOLUNTARY, AND INTELLEGENT WITHOUT ALL
THE FACTS OF CASE.

(d) POST-CONVICTION WAS FILED ON APRIL 7, 2003 IN THE
SUPERIOR COURT, 500 N. KING ST.; WILM, DE 19801
CASE NO: 0204003496
DATE OF COURTS DECISION: MARCH 30, 2004
RESULT: DENIED
DID NOT RECIEVE A HEARING

Yes, I appealed and raised this issue (claim), NO 141, 2004

Appeal decided on: November 22, 2004

Result: Denied

Ground Seven: Did not consult with client

(a) Supporting facts: counsel failed to adequately consult with petitioner throughout trial proceedings.

(d) Post-conviction was filed on April 7, 2003 in the Superior Court, 500 N. King Street, Wilm, DE 19801

CASE NO: 0204003496

Date of court's decision: March 30, 2004

Result: Denied

Did not recieve hearing

Yes, I appealed and raised this claim, NO: 141, 2004

Appealed decided on: November 22, 2004

Result: Denied

Ground Eight: Did not file motion to have charges (merged) dismissed.

(a) Supporting facts: Cousel failed to have agravated menacing counts and the weapons charges conected to those counts merged with the robbery charges within same indictment; causing petitioner to face a 24 year minimum

MANDATORY SENTENCE INSTEAD OF THE 15 YEAR MIN.
MANDATORY SENTENCE HE SHOULD HAVE BEEN FACING.

(d) POST-CONVICTION WAS FILED ON  APRIL 7, 2003  IN
THE SUPERIOR COURT, 500 N. KING STREET, WILM,
DE 19801
CASE NO: 0204003496
DATE OF COURT'S DECISION: MARCH 30, 2004
RESULT: DENIED
DID NOT RECIEVE HEARING
Yes, I Appealed and Raised this Claim, No. 141, 2004
APPEALED decided ON: NOVEMBER 22, 2004

GROUND NINE:  COUNSEL DID NOT FILE MOTION TO SEVER
DEFENDANTS.

(a) SUPPORTING FACTS: COUNSEL FAILED TO ~~mouse~~ FILE
A MOTION TO SEVER THE TRIAL OF PETITIONER
FROM HIS CODEFENDANT'S

(d) POST-CONVICTION WAS FILED ON APRIL 7, 2003
IN THE SUPERIOR COURT, 500 N. KING STREET
WILM, DE 19801
CASE NO: 0204003496
DATE OF COURT'S DECISION: MARCH 30, 2004
RESULT: DENIED

DID NOT RECIEVE HEARING

YES, I APPEALED AND RAISED CLAIM, NO. 141, 2004

APPEAL DECIDED ON: NOVEMBER 22, 2004

RESULT: DENIED

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: KEVIN J. O'CONNELL JR.

(b) At arraignment and plea: NO ARRAIGNMENT

(c) At trial: PLED GUILTY AT CASE REVIEW (KEVIN J. O'CONNELL JR.)

(d) At sentencing: KEVIN J. O'CONNELL Jr.

(e) On appeal: NONE

(f) In any post-conviction proceeding: PRO-SE

(g) On appeal from any ruling against you in a post-conviction proceeding: PRO SE

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☑ Yes    ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
SUPERIOR COURT, 500 N. KING ST., WILM, DE 19801 (2 1/2 YRS.)
U.S. DISTRICT COURT, DISTRICT OF DELAWARE (51 MONTHS)

(b) Give the date the other sentence was imposed: AUG 8. 2002 , APRIL, 2003 (?)

(c) Give the length of the other sentence: 2 1/2 YEARS , 51 MONTHS

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☑ Yes    ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
PETITIONER TIME LIMITATION NEVER DEPLETED DO TO
ON-GOING STATE COURT PROCEEDINGS.

AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: CONVICTION BE OVERTURNED AND CASE BE DISMISSED SINCE it's CLEAR it WAS CONTAMINATED AND PETITIONER COULD NOT RECIEVE A FAIR TRIAL.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    9/30/06    (month, date, year).

Executed (signed) on    9/30/06    (date).



Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

[insert appropriate court]

* * * * *

GROUND ONE: COURT ABUSED DISCRETION BY DENYING
RELIEF AFTER FAILING TO ARRAIGN

(1) IN APPELLANT'S RULE 61 MOTION to LOWER COURT
he alleges that the COURT failed to ARRAIGN him, which
violated his 6th & 14th AMENDMENT Rights. While the
COURT admits "the docket does not indicate when or
whether GROSVENOR was ARRAIGNED" it does not grant
relief. The COURT states, "failure to ARRAIGN A defendant,
how-ever, is not NECESSARILY fatal to his CONVICTION."
The COURT cites RAY v. STATE, 262 A. 2d 643, 645 (DEL. 1970)
to support this ARGUMENT. IN RAY the State of DELAWARE
held that an implied WAIVER AROSE where the defendant's
ATTORNEY ENTERED A plea on behalf of the defendant and
in his PRESENCE, where the trial was permitted to
proceed on the basis of that plea as if AN ARRAIGNMENT
had been held. IN RETURN, LOWER COURT found that
Appellant "impliedly WAVED his Right to AN ARRAIGNMENT
when his Attorney ENTERED A plea on his behalf and he
made no objection for WANT of ARRAIGNMENT until After
CONVICTION."

(2) LOWER COURT decision does not support the facts
of CASE. APPELLANT'S COUNSEL NEVER plead on his behalf. The
RECORD does not support the COURTS Allegation that
Appellant's COUNSEL did, however, even if the docket did
show where COUNSEL ENTERED A plea on behalf of Appellant,

1

Appellant was not present when this plea was entered which makes the plea a nullity. Superior Court Criminal Rule 43(a), Del. C. Ann. States," In all cases where the Superior Court is exercising original jurisdiction over an offense the defendant shall be present at the arraignment..." See Shy v. State, Del. Supr. 246 A.2d 926 (1963)," it is necessary for a criminal <u>defendant and his counsel</u> to be present at every stage of trial when the Superior Court is exercising original jurisdiction over the defendant. Since Counsel in instant case never entered a plea on behalf of Appellant and in Appellant's presence, this situation is clearly distinguishable from "Ray".

It is true that an indictment was issued on May 20, 2002, however, Appellant was in federal custody when the indictment was issued. See docket which shows that on 5/20/02 when indictment was filed a fast track was scheduled for 6/4/02 9:15. On the date of Fast Track (6/04/02) a capias was ordered because Appellant was in federal custody at FDC Phila., PA. This refutes Lower Courts' assumption that Appellant was put on full notice of what he was being called upon to defend by the indictment. Furthermore, even if Appellant was in state custody when the indictment was issued it would not have served it's purpose. Superior Court Criminal Rule 10 states," Arraignment. (a) In open

2

COURT. ARRAIGNMENT IN OPEN COURT SHALL CONSIST OF READING the INDICTMENT OR INFORMATION to the defendant. .. AND Calling ON the defendant to plead thereto. The defendant shall be given a copy of the INDICTMENT OR INFORMATION before being called UPON to plead." Appellant NEVER Attended a court hearing where the INDICTMENT WAS READ AND he WAS called UPON to plead, NOR WAS he given a copy of the INDICTMENT UNTIL 2005.

(3) Lastly, the court found that, "especially once REPRESENTED by counsel" it's impossible to believe that Appellant WAS NOT AWARE OF the charges pending AGAINST him. Appellant's CASE is typical of the prejudice stemming from failure to ARRAIGN, IN STATE V. CAdoRETTE, 826 A. 2d. AT 105-106, "the SUPREME COURT of VERMONT found REVERSible ERROR because the trial records (court docket ENTRIES) ARE SUFFICIENT EVIDENCE of COUNSEL's OMISSION OR failure of pursuing ANY discovery OR PRETRIAL PREPARATIONS, INDICATING that NEITHER the COURT NOR MOVANT's OWN COUNSEL provided him adequate OPPORTUNITY to PREPARE A DEFENSE thereto". "CAdoRETTE" PROVES that REPRESENTATION by counsel does NOT Automati-cally MEAN that COUNSEL MADE Appellant AWARE of exactly what charges he faced. Appellant's court docket is SUFFICIENT EVIDENCE to SUBSTANTIATE his claim of "failure to ARRAIGN".

Finally, the Supreme Court ed Ruled that, Petitioner waived his "claim that the state failed to arraign him violated his constitutional rights, because he failed to raise it in his first postconviction motion." (see Supreme Court Decision. No. 61, 2006). The court cites Rule 61 (i)(2) in support of this decision.

However, petitioner had the right to raise this claim under Rule 61(i)(5) which states, "The bars to relief in paragraphs (1),(2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading up to the judgment or conviction."

Failure to arraign a defendant is a violation of due process which is a right protected by the forteenth amendment of the U.S. Constitution. See Crain v. U.S., 162 U.S. 625, 16 S.Ct. 952; "Neither sound reason or public policy justifies any departure from settled principles applicable in criminal prosecutions for infamous crimes. Even if

4

there were a wide divergence among the authorities upon the subject, safety lies in adhering to established modes of procedure devised for the security of life and liberty. Nor aught the courts in their abhorrance of crime nor because of their anxiety to enforce laws against criminals contenance the ~~blue~~ careless manner in which the ~~cases~~ records of cases involving life or liberty of an accused is often prepared. It is true that the constitution does not in term, declare that a person accused of a crime cannot be tried until it be demanded that he plead, or unless he pleads to the indictment. But it does forbid the deprivation of life without due process of law, and due process of law requires that the accused plead, or be ordered to plead, or in the proper case, that a plea of not guilty be filed for him before his trial can rightfully proceed, and the record of his conviction should show distinctly and not merely by reference, that every step involved in due process of law, and essential to a valid trial was taken in the court or otherwise

5

the judgment will be erroneous. Thus, Supreme Court's decision that Petitioner waived his claim by a "voluntary guilty plea" was an abuse of decretion, along with the rest of the decision, due to the fact that a judgment without an arraignment is erroneous.

Once again, Petitioner askes for relief in the form of his conviction being overturned and case being dismissed due to the prejudice he would experience if it proceeded.

(See memorandum submitted in support of)
( 61 motion filed Sept. 30, 2005               )

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                        ( as of  10/05/2005 )

State of Delaware v.  GROSVENOR JAMAH                     DOB: 06/25/1982
State's Atty: FRANCIS E FARREN , Esq.       AKA: JAMAH GROSVENOR
Defense Atty: KEVIN J O'CONNELL , Esq.           JAMAH GROSVENOR
                                                 JAMAH BROSVENOR
                                                 KEVIN O MOORE
                                                 JANAH GROSVENER


Co-Defendants:  ROBERT BENSON , CHRIS GRAY
Co-Defendants:  RAHEEM POTEET

Assigned Judge:

Charges:
```

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0204003496 | IN02041853R2 | PFDCF | PG | 12/11/2002 |
| 002 | 0204003496 | IN02041854R2 | ROBBERY 1ST | PG | 12/11/2002 |
| 003 | 0204003496 | IN02041855R2 | ROBBERY 1ST | PG | 12/11/2002 |
| 004 | 0204003496 | IN02041856 | ROBBERY 1ST | NOLP | 12/11/2002 |
| 005 | 0204003496 | IN02041857 | AGGR MENACING | NOLP | 12/11/2002 |
| 006 | 0204003496 | IN02041858 | AGGR MENACING | NOLP | 12/11/2002 |
| 007 | 0204003496 | IN02041859 | AGGR MENACING | NOLP | 12/11/2002 |
| 008 | 0204003496 | IN02041860 | DISGUISE | NOLP | 12/11/2002 |
| 009 | 0204003496 | IN02041861 | CONSP 2ND | NOLP | 12/11/2002 |
| 010 | 0204003496 | IN02041862 | ENDANG WLF CHLD | NOLP | 12/11/2002 |
| 011 | 0204003496 | IN02041863 | RESIST ARREST | NOLP | 12/11/2002 |
| 012 | 0204003496 | IN02042403 | PFDCF | NOLP | 12/11/2002 |
| 013 | 0204003496 | IN02042404 | PFDCF | NOLP | 12/11/2002 |
| 014 | 0204003496 | IN02042405 | PFDCF | NOLP | 12/11/2002 |
| 015 | 0204003496 | IN02042406 | PFDCF | NOLP | 12/11/2002 |
| 016 | 0204003496 | IN02042407 | PFDCF | NOLP | 12/11/2002 |
| 017 | 0204003496 | IN02042408 | CONSP. 2ND | NOLP | 12/11/2002 |
| 018 | 0204003496 | IN02042409 | DISGUISE | NOLP | 12/11/2002 |
| 019 | 0204003496 | IN02042410 | PDWBPP | NOLP | 12/11/2002 |
| 020 | 0204003496 | IN02042411 | CRIM IMPERSON | NOLP | 12/11/2002 |

```
       Event
No.    Date         Event                              Judge
-----------------------------------------------------------------------------
1    04/23/2002
     CASE ACCEPTED IN SUPERIOR COURT.
     ARREST DATE: 04/05/2002
     PRELIMINARY HEARING DATE:
     BAIL:  CASH BAIL                        136,000.00 100%
     W/CONDITION
2    05/02/2002
     ENTRY OF APPEARANCE BY KEVIN J. O'CONNELL, ESQ.
     *FAX TO KATE SWEENEY
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    2
                         ( as of  10/05/2005 )

State of Delaware v.  GROSVENOR JAMAH                         DOB: 06/25/1982
State's Atty: FRANCIS E FARREN , Esq.       AKA: JAMAH GROSVENOR
Defense Atty:                .                    JANAH GROSVENER


       Event
No.    Date          Event                               Judge
-------------------------------------------------------------------------
       05/09/2002                                  GEBELEIN RICHARD S.
       FAST TRACK CAL-FAST TRACK-CONTINUED. PROSECUTION REQUEST.
       WITNESS/VICTIM NEED TO BE INTERVIEWED
34     05/20/2002
       INDICTMENT, TRUE BILL FILED.(125)
       SCHEDULED FOR FAST TRACK ON 6/4/02 @ 9:15
       06/04/2002                                  GEBELEIN RICHARD S.
       FAST TRACK CALENDAR CAPIAS ORDERED.
3      07/12/2002                                  WHITE DAVID A.
       CAPIAS RETURNED IN SUPERIOR COURT.
       BAIL SET AT:
       SECURED BAIL-HELD                 500.00 100%
       FVCR 7/29/02 AT 9:30
4      07/17/2002
       MOTION TO INCREASE BAIL FILED.
       BY FRANCIS FARREN, DAG
       SCHEDULED FOR 7/30/02 AT 9:30AM
       07/29/2002                                  GEBELEIN RICHARD S.
       FAST TRACK CALENDAR/CASE REVIEW:  SET FOR FAST TRACK FINAL CASE REVIEW
       ON:08/08/02
5      07/29/2002                                  GEBELEIN RICHARD S.
       MOTION TO INCREASE BAIL GRANTED.
       CASH BAIL                      96,000.00
       UNSECURED BOND                      0.00
       08/08/2002                                  GEBELEIN RICHARD S.
       FAST TRACK CALENDAR/SET FOR TRIAL
6      09/13/2002
       ORDER SCHEDULING TRIAL FILED.
       TRIAL DATE: 12/10/02
       CASE CATEGORY:        1
       ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): JEB
       UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
       OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
       FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
       CONTINUANCE REQUESTS WILL BE DENIED.
7      10/30/2002                                  CARPENTER WILLIAM C. JR.
       TRIAL CALENDER/PLEA HEARING:  PLEA REJECTED/SET FOR TRIAL
8      11/18/2002
       SUBPOENA(S) MAILED.
9      12/11/2002                                  GOLDSTEIN CARL
       TRIAL CALENDAR-JURY TRIAL-PLED GUILTY-PSI ORDERED
10     01/09/2003                                  ALFORD HAILE L.
```

SUPERIOR COURT CRIMINAL DOCKET                Page    3
( as of  10/05/2005 )

State of Delaware v.  GROSVENOR JAMAH                        DOB: 06/25/1982
State's Atty: FRANCIS E FARREN , Esq.        AKA: JAMAH GROSVENOR
Defense Atty:                                     JANAH GROSVENER

```
      Event
No.   Date          Event                              Judge
-------------------------------------------------------------------------
      LETTER FROM KEVIN J. O'CONNELL, ESQ.               TO JUDGE ALFORD
      RE: REQUESTING THAT THE DEFENDANT'S SENTENCING BE POSTPONED.
      * SEE FULL LETTER IN FILE.
      *CONTINUANCE GRANTED IT IS SO ORDERED  JUDGE ALFORD   DATE: 01/09/03
11    01/10/2003                                    ALFORD HAILE L.
      SENTENCING CALENDAR, SENTENCING CONTINUED.
12    01/13/2003
      LETTER FROM: KEVIN O'CONNELL, ESQ.     TO: JUDGE ALFORD
      RE: REQUESTING THAT DEFENDANT'S SENTENCING BE POSTPONED AND SCHEDULED
      WITH CO-DEFENDANTS.    (SEE FULL LETTER IN FILE)
13    01/15/2003
      SENTENCING CALENDAR - CONTINUED
      DEFENDANT'S REQUEST-DEFENDANT NEEDS MORE TIME.
14    03/21/2003                                    ALFORD HAILE L.
      SENTENCING CALENDAR: DEFENDANT SENTENCED.
15    04/07/2003      16 Days
      MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
      REFERRED TO JUDGE JURDEN FOR JUDGE GOLDSTEIN.
16    04/10/2003
      LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO F. FARREN, DAG
      RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
      ATTACHED COPY OF MOTION.
17    04/25/2003
      NOLLE PROSEQUI FILED BY ATTORNEY GENERAL.
      1856-2407, RSN: PLED & SENT.ON OTHER CHARGES.
18    04/25/2003
      NOLLE PROSEQUI FILED BY ATTORNEY GENERAL.
      2408-2411, RSN: PLED & SENT.ON OTHER CHARGES.
19    05/01/2003                                    ALFORD HAILE L.
      SENTENCE: ASOP ORDER SIGNED AND FILED 5/1/03
20    07/10/2003                                    JURDEN JAN R.
      ORDER: RULE 61. SCHEDULING. PRIOR COUNSEL KEVIN O'CONNELL SHALL FILE
      AN AFFIDAVIT WITH THE PROTHONOTARY ON OR BEFORE AUG. 11, 2003.
      THE STATE SHALL FILE A LEGAL MEMORANDUM IN RESPONSE TO THE MOTION, ON
      OR BEFORE SEPT. 11, 2003.
      ANY REPLY BY THE MOVANT SHALL BE FILED BY SEPT. 25, 2003.
      SEE FULL ORDER IN FILE.
24    07/31/2003
      EMAIL FILED TO:  JUDGE JURDEN
      RE: STATE V. JAMAH GROSVENOR
      FROM: FRAN FARREN DAG:
      REQUESTING EXTENSION FOR REPLY.  SEE EMAIL IN FILE.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    4
                          ( as of  10/05/2005 )
```

State of Delaware v.  GROSVENOR JAMAH                           DOB: 06/25/1982
State's Atty: FRANCIS E FARREN , Esq.          AKA: JAMAH GROSVENOR
Defense Atty:                                       JANAH GROSVENER

```
        Event
No.    Date            Event                              Judge
-------------------------------------------------------------------------------
21    08/12/2003
        AFFIDAVIT OF KEVIN O'CONNELL'S AFFIDAVIT PURSUANT TO RULE 61(G)(2)
        FILED.
        REFERRED TO JUDGE JURDEN.
23    08/12/2003
        LETTER FROM A. HAIRSTON, PROTH.OFFC.   TO FRANCIS FARREN, ESQ
        RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION.
        ATTACHED: COPY OF MOTION.
25    08/12/2003
        LETTER FROM  KEVIN J. O'CONNELL  TO  JUDGE JURDEN
        RE:  JAMAH K. GROSVENOR
        PURSUANT TO THE COURT'S ORDER OF JULY 10, 2003, ENCLOSED PLEASE FIND
        MY AFFIDAVIT IN RESPONSE TO THE ALLEGATIONS OF INEFFECTIVE ASSISTANCE
        OF COUNSEL PURSUANT TO RULE 61 (G) (2) COPIES OF WHICH HAVE BEEN
        SERVED UPON COUNSEL FOR THE STATE AND THE MOVANT.  I APOLOGIZE FOR
        FILING THIS AFFIDAVIT ONE DAY LATE, BUT MY SECRETARY WAS OUT OF THE
        OFFICE SICK ON MONDAY.
26    09/23/2003
        DEFENDANT'S LETTER FILED.
        RESPONSE LETTER TO K. O'CONNELL'S AFFIDAVIT
27    11/03/2003
        DEFENDANT'S LETTER FILED.
        TO: JUDGE JURDEN
        RE: ALLIGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL.  DEFENDANT'S
        RESPONSE TO THE COURT
28    11/26/2003
        LETTER FROM: FRANCIS FARREN    TO: JUDGE JURDEN
        RE: LETTER OF MEMORANDUM AS THE STATE'S RESPONSE TO MR. O'CONNELL'S
            AFFIDAVIT DATED 8/12/03 REGARDING DEFENDANT'S CLAIM OF INEFFECTIVE
        ASSISTANCE OF COUNSEL.
29    12/02/2003                                     JURDEN JAN R.
        LETTER FROM JUDGE JURDEN       TO JAMAH K. GROSVENOR
            IN RESPONSE TO YOUR LETTER OF NOVEMBER 3, 2003, ENCLOSED IS A
        COPY OF THE STATE'S RESPONSE. PLEASE FILE ANY RESPONSE YOU HAVE ON OR
        BEFORE JANUARY 2, 2004.
30    12/23/2003
        DEFENDANT'S RESPONSE FILED.
        TO: JUDGE JURDEN
31    03/30/2004                                     JURDEN JAN R.
        OPINION:UPON DEFENDANT'S PROSE MOTION FOR POSTCONVICTION RELIEF:DENIED
        IT IS SO ORDERED.
32    04/14/2004   20 Days
```

36 DAYS

SUPERIOR COURT CRIMINAL DOCKET                Page    5
( as of   10/05/2005 )

State of Delaware v.  GROSVENOR JAMAH                      DOB: 06/25/1982
State's Atty: FRANCIS E FARREN , Esq.      AKA: JAMAH GROSVENOR
Defense Atty:                                   JANAH GROSVENER

```
      Event
No.   Date          Event                              Judge
------------------------------------------------------------------------
      LETTER FROM SUPREME COURT TO DEFENDANT
      RE: DIRECTION OF TRANSCRIPT.
33    04/30/2004
      LETTER FROM SUPREME COURT SHARON AGNEW, PROTHONOTARY
      RE: THE RECORD IS DUE MAY 21, 2004
      141, 2004
      05/10/2004
      RECORDS SENT TO SUPREME COURT.
35    05/14/2004
      RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
      141, 2004
36    12/13/2004
      MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
      SUPREME COURT CASE NO: 141, 2004
      SUBMITTED: SEPTEMBER 24,2004
      DECIDED: NOVEMBER 22,2004                          6  6
      BEFORE HOLLAND,BERGER,AND JACOBS,JUSTICES
37    05/11/2005                  6 MONTHS
      PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
      REFERRED TO JUDGE: JURDEN
      DATE REFERRED: 5/12/05
      CIVIL CASE NO: 05M-05-024
38    05/13/2005                             JURDEN JAN R.
      ORDER: HABEAS CORPUS PETITION:  DENIED.
      05M-05-024
      IT IS SO ORDERED.       7
39    06/13/2005
      MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
      REFERRED TO PRESENTENCE 6/21/05 FOR JUDGE JOHNSTON.
40    07/22/2005                         JOHNSTON MARY MILLER
      ORDER MOTION FOR CORRECTION OF ILLEGAL SENTENCE IS DENIED.
      THE MOTION WAS FILED MORE THAN 90 DAYS AFTER IMPOSITION OF THE
      SENTENCE AND IS, THEREFORE, TIME-BARRED.
      PURSUANT TO SUPERIOR COURT CRIMINAL RULE 35(B), THE COURT WILL NOT
      CONSIDER REPETITIVE REQUESTS FOR REDUCTION OR MODIFICATION OF SENTENCE
      THE SENTENCE IMPOSED IS MANDATORY AND CANNOT BE REDUCED OR SUSPENDED.
      THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIME OF
      SENTENCING.
41    08/04/2005
      LETTER FROM SUPREME COURT  TO SHARON AGNEW, PROTHONOTARY
      RE:  RECORD IS DUE AUGUST 25, 2005
      348, 2004
```

6 MONTHS
13 DAYS

```
                  SUPERIOR COURT CRIMINAL DOCKET              Page    6
                     ( as of  10/05/2005 )

State of Delaware v.  GROSVENOR JAMAH                     DOB: 06/25/1982
State's Atty: FRANCIS E FARREN , Esq.     AKA: JAMAH GROSVENOR
Defense Atty:                                  JANAH GROSVENER


       Event
No.    Date          Event                           Judge
----------------------------------------------------------------------------
       08/08/05
       RECORD SENT TO SUPREME COURT
43     08/04/2005
       NOTICE OF APPEAL FILED IN SUPREME COURT.
       348, 2005
       08/08/2005
       RECORDS SENT TO SUPREME COURT.
       141, 2004
42     08/12/2005
       RECEIPT FROM SUPREME CQURT ACKNOWLEDING RECORD.
       141, 2005
44     08/17/2005
       DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
       RE: NOTICE OF APPEAL                       7  MONTHS
45     09/30/2005
       MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
       REFERRED TO JUDGE SCOTT
46     10/05/2005
       LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO FRANCIS FARREN, DAG
       RE: NOTICE OF FILING OF MOTION FOR POSTCONVICTION RELIEF.
       ATTACHED: COPY OF MOTION

              *** END OF DOCKET LISTING AS OF  10/05/2005 ***
                  PRINTED BY: CSCAHAI
```

# Conflict of Interest

Petitioner's Counsel, (O'Connell) conspired with his codefendant's counselors and arranged and organized a meeting in which they planed to coerce all defendants to accept a plea together. This meeting took place in a room inside of the New Castle County Courthouse. In attendance was the Petitioner, his codefendants (Chris Gray, Robert Benson, and Braheem Poteat), and their lawyers (Kevin J. O'Connell Jr., John Malik, Kester H. Crosse, and Jerome Capone). (See Chris Gray's sworn affidavit)

O'Connell used subtle and blatant threats in order to coerce Petitioner and his codefendants into accepting the state's plea agreement. After Petitioner showed discontent for the joined plea, O'Connell should have split up defendants and privately addressed Petitioner's discontend and discussed the facts and evidence of case and how he planed to defend against them. However, O'Connell never prepared for trial, he failed to submit any pretrial motions, and failed to secure basic or common rights, like arraignment. So to cover up his errors and omissions O'Connell conspired with the above lawyers and assisted the state

7

with obtaining a conviction from all defendants including his client. See VON MOLTKE V. Gillies, 332 U.S. 708, 725, 726, 68 S.Ct. 316, 324, 92 L.Ed. 309 (1948), "The right to counsel guarteed by the constitution contemplates the services of an attorney devoted solely to the interest of the client... Undivided allegience and faithful, devoted service to a client are prized traditions of the American lawyer. It is the kind of service for which the Sixth Amendment makes provision." "Whether the attorney I is influenced by loyalties to other defendants, third parties, or the government, if he entirely fails to subject the prosecutions case to meaningful adversial testing, then there has been a denial of Sixth Amendment rights." Id at 659, 104, S.Ct. At 2047. See Nix V. Whiteside, 475 U.S. 157, 106 S.Ct. 988, 1006, 89 L.Ed. 2d 123 (1986), where court found that, "except in the rarest of cases, attorneys who adopt the role of the Judge or jury to determine the facts, pose a danger of depriving their clients of the zealous and loyal advocacy required by the Sixth Amendment.

In instant case, O'Connell took on the role of the Judge and jury, and failed to subject the prosecutors case to meaningful adversial

testing. O'Connell told Gray he could not win at trial because the state had too much evidence against him. He expressed in every way that 2 co-defendants and petitioner could not win at trial next to Gray. However, after O'Connell repeatedly expressed how Petitioner would be found guilty by association, he was asked by Petitioner, why he did not put in a motion for seperate trials, but O'Connell expressed with conviction that the motion would've been denied. O'Connell basically assured Petitioner that he would not get a fair trial even though the state (at that time) had no evidence against him, and O'Connell had no intentions on changing that. Furthermore, O'Connell erged and threatened Petitioner and his co-defendants into accepting a plea before he had all the scientific test results. How could an informed and intelligent decision on whether to plead be made without all the facts and exculpatory evidence. O'Connell conspired with these lawyers and acted as Judge and Jury in order to induce guilty pleas, thus, eventually coercing Gray into a guilty plea as he represented conflicting interest." A lawyer who abandons his duty of loyalty to his client and effectively joins the state in an effort

to attain conviction or death sentence suffers from an obvious conflict of interest. Such an attorney, like unwanted counsel, 'represents' the defendant only through a tenious and unacceptable legal fiction." quoted from Nix V. Whiteside supra. Faretta v. California, 422 U.S. 806, 821, 95 S.Ct. 2525, 2534, 45 L. Ed. 2d 562 (1975).

O'Connell stated, "At that meeting, all lawyers expressed their views concerning the merits of the defense. The reason for the meeting was the fear that each of the defendant's did not want to accept what [amounted] was a rather generous plea [offer] extended to them for fear that they would be labeled a snitch." (See O'Connell's Affidavit pursuant to Rule 61(g)(2)) First, O'Connell should have sought permission from the defendant, and after obtaining his permission, brought it to the attention of the court. See Super. Ct. Crim. R. #44(c), "whenever two or more defendants have jointly been charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally

advise each defendant of the right to effective
assistance of counsel, including seperate
representation." O'Connell failed to follow this
rule before jointly discussing the "merits of defense"
and offering a plea for all defendants to accept
together. O'Connell and these other lawyers
"jointly" represented all of the defendants' at this
meeting because by discussing the "merits of defense"
and offering a joined plea to avoid defendants being
"labeled a snitch" they acted in unison which means
they were "associated in the practice of law" at
this time, a described in rule 44(c).

Secondly, in Holloway v. Arkansas, 435 U.S. 475,
489-90, 98 S.Ct. 1173, 1181, 55 L.Ed. 2d 426 (1978), it
was found that, in defining what constitutes
a "conflict of interest", the Supreme Court
stated that "an actual, relevant conflict of
interest [exist] if during the course of
representation, the defendants' interest do
diverge with respect to a material factual or
legal issue or to a course of action." Cyler v.
Sullivan, 446 U.S. at 356 n. 3, 100 S.Ct. at 1722
n.3. This meeting alone, even if O'Connell and
the other lawyers had good intentions, was a
situation which had great potential for a
conflict of interest. The meeting on Oct. 30,

2002 WAS A COURSE of ACTION which CAUSED Petitioner AND his codefendants interest to diverge. Despite the fact that defendant (Petitioner) WAS ARRESTED IN A close proximity to the scene of the CRIME AS WERE his codefendants, the CIRCUMSTANCES, HOWEVER, with EVERY ARREST WERE different.

GRAY WAS ARRESTED RUNNING from police. At the time of ARREST he Allegedly had ON A hooded Sweatshirt, A bANdANA AROUND his NECK, A bloody glove in his pocket, AND ONE shoe ON (the other ONE WAS Allegedly found ON the scene). Robert Benson WAS ARRESTED by A K-9 unit Allegedly hiding in the woods. BRAHEEM Poteat WAS ARRESTED After being questioned About his REASONS for being in the Apartment complex. Movant (Petitioner) WAS Allegedly ARRESTED After 2 police officers observed him AND three other MEN in dark clothing RUN out of A building AND RUN back in. After seeing the officers. The officers Allege that After they witnessed this they RAN up to the building AND I CAME back out. They identify or describe Petitioner AS ONE of the guys who RAN in dark clothing. They go on to Say that petitioner Stuttered out the NAME Jeff Porter. They Asked where he WAS coming from, his ANSWER WAS,

he was supposed to be getting together with
a female named Cynthia that he met at a
UD party. However, he explained that he thought
he went to the wrong building because he
didn't get an answer. Police officers go on
to say that they touched Petitioner's chest
and felt his heart beating fast. One of the
officers wanted to check where Petitioner
just came from so he left movant with officers
and checked the building. After officer went
downstairs in the apartment building he allegedly
found a gun and hat underneath the floor mat
in building. He then signaled for Petitioner to be
arrested. (See Arrest Report)

    Petitioner denied plea offered to him during
V.O.P. hearing, and trial was set for Dec. 10, 2002.
Petitioner felt his best interest lied at trial.
The officers allege that Petitioner was one of
the three men in dark clothing who ran from
them. However, Petitioner was described as
having on (light Gray) sweatpants and a blue
shirt with a (big orange) picture of Scooby-doo
on the front. Also, after Petitioner allegedly
ran from these officers they just stood
there and talked to him without first detaining
him. The officers also testified that they seen
him run from them, then they said they touched

13

his chest to check his heartrate. That obviously dosen't make sense.

This, along with other statements is why Petitioner felt his case rested on these officers testimony mostly, and the results of the forensic test. results. The officers' statements were easily impeachable and Petitioner later found out that all forensic evidence was negative. Because of this, it's fair to say that Petitioner's best interest were at trial. That's how Petitioner felt, and his codefendants, particulary Gray might have felt his best interest were negotiating a plea with the state. Since O'Connell arranged this meeting where he admittedly discussed the merits of defense and offered a joined plea agreement, thus, causing Gray to plead guilty and eventually make a statement implementing his client in a crime, he (O'Connell) represented a conflict of interest.

Any competent attorney can see the potential for a conflict in a situation like that meeting. O'Connell's error reflected "a failure to exercise the skill, judgment, or dilligence of a reasonably competent defense attorney." It was an "error that a reasonably competent defense attorney acting as a conscientious

Advocate would not have made." Cooper v. Fitzharris, 586 F. 2d 1325 (9th Cir. 1978) (en banc), cert. denied, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed. 2d 793 (1979).

This conflict of interest had an adverse effect or impact on the voluntariness of Petitioner's decision to plead guilty. The result of the conflict of interest was a plea of guilty and testimony against movant, which caused him to plead guilty because he felt like he had no other choice.

Furthermore, a conflict also existed due to O'Connell's relationship with the lead detective investigating this case (Dt. Patrick Corcoran of the Newark Police Dept.). O'Connell admitted to Petitioner that he and Dt. Corcoran were good friends for around 20 years; but he never warned Petitioner that there existed a potential conflict, nor did he notify the court. This violated Rule 44(c). "Whether the attorney is influenced by loyalties to other defendants, third parties, or the government, if he entirely fails to subject the prosecutions case to meaningful adversial testing, then there has been a denial of Sixth Amendment Rights." Id at 659, 104 S.Ct. at 2047.

15

Obviously, O'Connell picked his friend's intest over his client's. The only task O'Connell allegedly completed was finding out if a female named Cynthia lived in southgate Apts. bldg.#24. However, this was frivolous since at our first meeting I informed him that I belived I went to the wrong address, and the only way of contacting her was Petitioner's cellphone in his property at Gander/Hill prison. O'Connell did nothing else to put the prosecutor's case through adversial testing. He simply waited until roughly a month before trial and pulled Petitioner in a room in the courthouse on a unscheduled court date in order to convince Petitioner and codefendants to accept a plea together so they wouldn't be "labeled snitches".

O'Connell's excuse dosen't make since. Petitioner never expressed any fear of accepting a plea because he didn't want to be "labeled a snitch". The only plea offered to Petitioner prior to the one offered on Oct.30,2002 was for 11 years. Petitioner had no desire to accept plea, and O'Connell and him did not discuss it any further after he denied it. His co-defend. were offered pleas for 5 year sentences. It's safe to say that they were afraid to be "labeled snitches".

Furthermore, how could a meeting like that ease fears, if one person accepted the plea and the other 3 did not, the one who accepted would be labeled a snitch. Also, what would be the purpose of putting all defendants in a room together with their lawyers if the lawyers were going to offer their clients pleas and consult with them individually. It's impossible to consult with one and not the others. These lawyers' intentions were to coerce and threaten the four defendants into accepting a plea together. Petitioner recalls O'Connell saying, "we have about 100 years of legal experience together" advising you guys to accept this plea. The lawyers acted as one body in order to coerce all or atleast one into accepting the plea. O'Connell reminded petitioner several times that he could not win with his codefendant testifying against him. O'Connell knew that if he got one of petitioner's codefendants to plead guilty, a testimony would follow most likely implementing petitioner in the crime. So by getting one to plead, it would compel petitioner to plead, thus, creating a domino effect. The

17

CONVICTION WAS IN his best FRIEND Dt.
CORCORAN's best INTEREST, therefore
PROVING his loyalty to their 20 YEAR FRIENDSHIP.
Also, this COVERED his ERRORS. What's the
CHANCE A young MAN who is indengent will
find out he WAS NEVER EVEN ARRAIGNED, it
violated the CONSTITUTION, AND Adequately
ARguing it IN A fashion that will yeild A
REVERSAL of CONVICTION REAched by plea!

This proves that O'CONNell "REPRESENTED
Conflicting INTEREST" AND the "Conflict of
INTEREST Adversely affected the VOLUNTARY
NATURE of the guilty plEA ENTERED by [PETITIONER].
NORTH CAROLINA V. Alford, 400 U.S. 25, 31, 91
S.Ct. 160, 164, 27 L.Ed. 2d 162 (1970), AND
MOVANT should be Afforded RELIEF. "We have of

Ground Three : Coercion by Counsel

At the same meeting refered to above which took place inside of the New Castle County Courthouse on October 30, 2002, Petitioner's Attorney, Kevin J. O'Connell Jr. assisted three other attorneys (John Malik, Jarome Capone, and Hester H. Crosse) with coercing Petitioner's codefendant Chris Gray into accepting the state's plea agreement. (See Chris Gray's Affidavit)

O'Connell's abandonment and disloyalty to his client caused Gray to enter into a plea that included he testified against Petitioner. Gray made a taped statement implementing Petitioner in the crime. This statement lead to Petitioner entering into a plea also. Thus, violating the due process clause of Fourteenth Amendment of the Federal Constitution.

A conviction following trial or based on a plea of guilty based on a plea guilty based on a confession by violence or mental coercione is invalid under the federal due process clause. Brown v. Miss., 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Watts v. Indiana, 383 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801.

Petitioner only plead guilty after Gray's coerced plea and confession. See McMann v. Richardson where "petitioner testified only after the government had illegally introduced into evidence three confessions, all wrongfully obtained, and the same principle that prohibits the use of confessions so impelled thereby the fruit of the poisonous tree, to invoke a time worn metaphor. For the 'essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired not be used before the court before the court but that it shall not be used at all.'" Silverthorne Lumber Co. v. U.S., 251 U.S. 385, 392, 40 S. Ct. 182, 183, 64 L. Ed. 319.

O'Connell constantly stressed the strong evidence that the state had against Gray. He said, "you will all be found guilty by association if you proceed to trial ~~to trial~~ with Gray". Also, "I think Gray is going to be smart and accept this plea agreement because the state has him stumped", "what about Gray?! If you guys don't take this plea he's definately going to be found guilty and face a 24-year minimum mandatory sentence."

Also how all defendants would get an all white jury from Newark and be looked at as the bad black guys from Wilmington. "Ignorance, incomprehension, coercion, terror, inducement, and subtle or blatant threats might be a perfect cover-up of unconstitutionality." Heiser v. Ryan, 951 F.2d 559 (3rd Cir. 1991).

Although defendants are fairly intelligent, the law of the land is confusing even to the educated layman. Therefore, Petitioner could not have possibly known how to overcome this unconstitutional position because he was placed there by the person in whom his trust lyed, his Lawyer.

O'Connell failed to effectively advocate or protect his constitutional guarantees when he coerced Gray into accepting a guilty plea agreement which included Gray testifying against his client, Grosvenor. This satisfies the first of the two-prong standard set forth in Strictland v. Washington, 466, U.S. 668, 687, 104 S.Ct. 2054, 2064, 80 L.Ed. 2d. 674 (1984); that his counsel's performance was deficient by coercing Gray.

The tape testimony from Gray was a result of him accepting a plea after being

coerced by O'Connell.

"If the coerced confession induces a guilty plea, that plea, no less then the surrender of the self-incrimination priviledge in Harrison v. U.S., 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed. 2d 1047(1968), is the fruit of the states prior illegal conduct, and thus is vulnerable to attack. See McMann v. Richardson et. Al., 397 U.S. 759.

O'Connell's defective representation caused Gray to make a statement which prejudiced petitioner's defense and caused him to accept a plea of guilty." The abiding impact of the coerced confession may continue to prejudice a defendant's case or unfairly influence his decisions reguading his legal alternatives," Harrison v. U.S... Thus ~~satisfy~~ satisfying the second prong of the Strictland standard, which states," in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed. 2d 203(1985).

GROUND FOUR:  COERCION OF WITNESS by PROSECUTION (FRANCIS FARREN), COUNSEL (John MALIK), AND Detective COCORAN of NEWARK POLICE

Chris GRAY originally testified that he didn't REMEMBER the EVENTS which took place on the EARLY MORNING of April 5, 2002. (SEE Chris GRAY's Affidavit, taped statement, AND statement at trail) GRAY testified in his Affidavit that because of the "drugs" he took, he couldn't EVEN REMEMBER his Actions OR if he COMMITTED the CRIME. HOWEVER, his COUNSELOR (MALIK), The PROSECUTION (FARREN), AND the lead INVESTIGATOR for the NEWARK POLICE Dept. (Dt. CORCORAN) didn't believe his statement, IN RETURN they COERCED AND COACHED GRAY into implementing GROSVENOR AND other Codefendants IN his statement by threating to give him 24 YEARS, withdrawling his plea Agreement, AND Counsel threatening to withdraw FROM REPRESENTING him. SEE JACKSON V. DENNO, 378 U.S. 368, 84 S.Ct. 1774,

"It is Axiomatic that a defendant IN A CRIMINAL CASE is deprived of due process of law if his CONVICTION is founded, IN whole OR IN part, UPON AN INVOLUNTARY CONFESSION, without REGUARD for the truth OR falsity of the CONFESSION; Rogers V. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed. 2d 760, AND EVEN though there is AMPLE EVIDENCE Aside FROM the CONFESSION to support the CONVICTION. Malinski V. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029, Strobe V. California, 343 U.S.

181, 72 S. Ct. 599, 96 L. Ed. 872; Payne v. Arkansas, 356 U.S. 560, 78 S. Ct. 844, 2 L. Ed. 2d 975. Equally clear is the defendant's constitutional right at some stage in proceedings to object to the use of the confession and to have a fair hearing and a reliable determination uninfluenced by the truth or falsity of the confession- Rodgers v. Richmond, supra. In our view, the New York procedure employed in this case did not afford a reliable determination of the voluntariness of the confession offered in evidence at the trial, did not adequately protect Jackson's right to be free of a conviction based upon a coerced confession and therefore cannot (stand) constitutional attack under due process clause of the Fourteenth Amendment. We therefore reverse the judgement below denying the writ of habeas corpus."

Although in Jackson v. Denno, the confession in question was a confession made by defendant, the law surrounding the decision applies to instant case. Gray's confession was not willinging and voluntary but was a result of mental coercion by the prosecutor, Detective, and worse his own lawyer. Gray's plea agreement was to truthfully testify, however, the truth wasn't good enough for the above parties so they did whatever it took to get what they wanted. These three men, all who are very familar ● with criminal law, teamed up

on Gray and coerced and threatened him into changing his statement in order to have a better chance of convicting his codefendants. See "Jackson", "The Fourteenth Amendment forbids the use of involuntary confession not only because of the probable unreality of the confessions that are obtained in a manner deemed coercive, but also because of the strongly felt attitude of our society that the important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will', Blackburn v. Alabama, 361 U.S. 199, 206-207, 80 S. Ct. 274, 280, 4 L. Ed. 2d 242, and because of the 'deep-rooted feeling that the police must obey the law while enforcing the law; that in the end life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves.'" Spano v. New York, 360 U.S. 315, 320-321, 79 S. Ct. 1202, 1205-1206, 3 L. Ed. 2d 1265.

Gray's coerced testimony was a major factor in Grosvenor's decision to plead guilty, thus, Grosvenor's plea is the fruit of a poisonous tree and subject to colateral attack. See Herman v. Claudy, 350 U.S. 116, 76 S. Ct. 223, 100 L. Ed. 126 (1956), "A conviction following

25

trial or on a plea of guilty based on a confession exorted by violence or by mental coercion is invalid under the Federal Due Process clause." BROWN v. Miss., 297 U.S. 278, 56 S. Ct. 461, 80 L. Ed. 682 WATTS v. INDIANA, 338 U.S. 49, 69 S. Ct. 1347, 93, L. Ed. 1801.

This was Prosecutorial misconduct for the prosecutor to take part in coercing and coaching a witness, and a violation of A.B.A standards for prosecution 1.2(b),(c),(d) which state:
1.2 (b) The prosecutor is an administrator of justice, and advocate and officer of the court, the prosecutor must exercise sound discretion of their performance.
1.2 (c) the duty to seek justice not merely convict.
1.2 (d) It's an important function of the prosecutor to seek to reform and to improve the administration of justice.

GROUND FIVE: Failure to Prepare for trial

O'Connell failed to prepare for trial by not securing Petitioner's constitutional right of Arraignment; by failing to adequately consult with Petitioner; by failing to motion to have charges dismissed/merged; by not seeking or revealing exculpatory evidence; and by not motioning to have Petitioner's trial severed.

'Pretrial" investigation and preparation are the keys to effective representation." Rummel V. Estelle, 590 F.2d 103, 104 (5th Cir. 1979)(quoting ABA standards for criminal justice, standards Relating to the prosecution fuction and the defense function, 224 (App. Draft 1971)). Specifically, "(a)n attorney does not provide effective assistance if he fails to investigate sources of evidence which may be helpful to defense." Davis V. Alabama, 596 F.2d 1214, 1217 (5th Cir. 1979), 446 U.S. 903, 100 S.Ct. 1827, 64 L. Ed. 2d 256 (1980).

Petitioner was deprived of basic proceedural Rights and requirements due to Counsel's failure to prepare for trial. See Davis V. Alabama, 596 F.2d at 1217-1218, where court held that, "where the inadequacy of counsel's

27

preparation results in his failure to understand basic procedural requirements, counsel's services fall out the range of competency expected of criminal defense attorney's." Young v. Zant, 677 F.2d at 798, See Kemp v. Leggett, 635 F.2d 453, 454 (5th Cir. 1981).

Due to O'Connell's failure to prepare for trial, Petitioner saw every avenue of defense as a dead end. This is what O'Connell wanted. By him not preparing for trial petitioner felt like he had to plead guilty.

GROUND SIX:          COUNSEL FAILED SEEK OR REVEAL
                     EXCULPATORY EVIDENCE


     DEFENSE COUNSEL FAILED TO SEEK OR REVEAL
the RESULTS of the blood, hair, fingerprint,
AND footprint test conducted by PROSECUTION.
THIS ALONE is INEFFECTIVE ASSISTANCE OF COUNSEL,
because O'Connell offered MOVANT pleas
ON SEVERAL OCCASIONS, ERGING him(petitioner)
to ACCEPT EVEN though he did NOT HAVE All
the facts of the CASE. PETITIONER'S EVENTUAL
ACCEPTANCE of the state's plea OFFER WAS
NOT done AFTER being REASONABLY INFORMED of
All the facts SURROUNDING the CASE OR possible
defenses AND CONSEQUENCES, thus, PETITIONER
could NOT weigh his options AND his choice
to plead guilty WAS NOT KNOWING AND INTELLIGENT.
     A defendant " HAS the Right to to MAKE A
REASONABLY INFORMED DECISION whether to
ACCEPT A plea OFFER." UNITED STATES V. DAY, 969
F. 2d 39, 43(3ʳᵈ CIR. 1992)(Citing Hill v. LOCKHART,
474 U.S. 52, 56-57, 106 S.Ct. 366, 88 L. Ed.
2d 203(1985). PETITIONER could NOT HAVE been

REASONAbly INFORMED WHEN COUNSEl FAiled
to SEEK OR REVEAl EXCUlpATORY EVIDENCE.
SEE BARBEE V. WARDEN OF MARYlAND PEN., 331
F. 2d 842 (1964), WHERE COURT FOUND, "WE
CANNOL SAY that tRIER OF FACT WOUld HAVE
GIVEN NO WEIGHT to BAllistics REPORT OR
EXPERT'S TESTIMONY."

   THE SUPREME COURT DECIDED that "WITH OR
WITHOUT FORENSIC EVIDENCE, THE CASE AGAINST
GROSVENOR AND his CODEFENDANTS WAS SUBSTANTIAL.
THE FOUR WERE ARRESTED WITHIN MINUTES OF
THE ROBBERY, FLEEING FROM THE POLICE. CODEFENDANT
CHRIS GRAY IMPLICATED GROSVENOR ~~~~~ IN THE
ROBBERY." FIRST, PETITIONER WAS NOT CAUGHT
FLEEING, HE WALKED UP to two OFFICERS WHO STOPED
AND QUESTIONED HIM. FURTHERMORE, EVEN IF
THE EVIDENCE SEEMED SUBSTANTIAL, ESPECIALLY
CONSIDERING THE STATEMENTS MADE by GRAY AND
OFFICERS; THE FORENSIC RESULTS COULD HAVE
PROVED ~~~~~ TOTAL INNOCENCE OR AT THE VERY
LEAST, BEEN USED to IMPEACH TESTIMONY, THEREFORE
RESTORING CONFIDENCE IN BEING AQUITED AND
CAUSING PETITIONER to PROCEED to TRIAL INSTEAD
OF ACCEPT A PLEA AGREEMENT.

30

As Judge Edgerton said in Griffin v. U.S.,
87 U.S. App. D.C. 172, 183 F. 2d 990, 993 (1950)
"The case emphasizes the necessity of disclosure
by the prosecution of evidence that may be
reasonably be considered admissible and
useful to the defense." The court found that,
"in many cases the most damaging evidence
against defendant's are the fingerprints on a
weapon, a scientific report on bloodstains
a ballistic test or an autopsy report. Even
if these reports may not be admissable at
trial, their result often prove innocence as
well as guilt, and for that reason, may be
quite vital to the defense for impeachment
purposes. The state has unlimited access to
modern scientific aids and it is making more
and more use of these devices. The defendant
is often innocent and generally cannot
afford to make independant test on his
own. Grave injustice may be done if scientific
studies which tend to show innocence are
never made know to defense."

In instant case the state did not have
any witnesses or evidence linking Petitioner
to crime; however, they had paraphernalia

31

from the actual crime scene that they
allege came from the defendant. They also
allegedly found blood on door knobs, gloves,
guns, etc, and took movant's (petitioner)
sneakers (shoes) upon arrest. Naturally,
Petitioner felt that the prosecutions' case
rested heavily on the results of the many
test they conducted. Because this feeling
Petitioner repeatedly asked his counsel for
these results, which counsel never provided.
Petitioner needed this information in order
to make an intelligent decision to plead
guilty or go to trial. It is well settled law
that the state's (or in this case counsel) failure
to turn over evidence favorable to accused
upon request violates due process" where the
evidence is material to either guilt or
punishment" Brady v. Maryland, 373 U.S. 83, 87, 83
S.Ct. 1194, 1197, 10 L.Ed. 2d 215 (1963). See O'Neil
v. State, Del. Supr. 691 A.2d 50 (1997), where
Del. Ct. found, "we reaffirm our previous
holding that the obligation to disclose
exculpatory [evidence] information is triggered
by the defendant's request pursuant to
Superior Court Rule 16 and is not limited
to trial proceedings. Pierson v. State, Del.

351 A. 2d 860 (1976). To withhold exculpatory (Evidence) information at earlier stages of a criminal prosecution equally deprives the defendant of an opportunity to vindicate a possible deprivation of his constitutional guarantees." "[Petitioner's Attorney] improperly exerted pressure on defendant, misrepresented material facts, and withheld evidence in order to induce a plea of guilty" Blackledge V. Allison, 451 U.S. 63, 97 S.Ct. 1621, 52 L. Ed. 2d 163 (1977).

O'Connell withheld or failed to seek exculpatory information set for in the citings above. This was a error or omission which satisfies the first Strictland prong.

O'Connell's omission prevented Petitioner from knowing exactly what evidence was against him. The information withheld played a major part in petitioner's eventual decision to plead. O'Connell and the 3 Attorneys who assisted him cited this evidence as a reason I should plead guilty, thus, O'Connell's omission affected petitioner's decision and satisfies the 2nd Strictland prong.

The lower court's abused decretion by not reversing Petitioner's conviction.

33

Ground Eight: Failed to Motion to have
              Charges Merges or Dismissed


Petitioner's indictment included six charges
which were supposed to be merged with other
counts included in indictment. These counts
were (3) three counts of Agrevated Menacing and
(3) three counts of Possession of a firearm
during commission of a felony were not on the
original arrest report, and Petitioner was never
given a bail for them. Had these charges been
merged they would have taken the 24 year min.
mandatory sentence down to 15 years min.
mandatory Petitioner would have been facing
had he proceeded to trial. See Poteat v. State,
840 A.2d 599. (note: Poteat is Petitioner's
codefendant)

Nine years is a substantial amont of time
in prison and greatly affected Petitioner's
decision on whether or not to proceed to
trial. O'Connell constantly ▪ stressed the
24 year sentence he would recieve at trial,
the 24 year sentence is what O'Connell

34

used to coerce Gray, and the 24 year sentence weighed heavy on Petitioner when he had to decide wether or not he wanted to proceed to trial. O'Connell knew by not having charges merged his chance of coercing defendants was better. See Cooks v. United States, 461 F.2d 530 (5th cir. 1972)(Counsel's misinforming his client concerning maximum possible sentence was ineffective assistance as well as a violation of due process right to enter plea knowing and voluntary). See State v. Collins, 176 Conn. at 9-10, 404 A.2d 871," the length of time a defendant may have to spend in prison is clearly crucial to a decision of whether or not to plead. guilty."

Instead of submitting a motion to have charges dismissed or merged as to lessen the pressure on his client and to ensure he received a fair trial, O'Connell used those charges or the sentence connected to them in order to induce a guilty plea from his client. "Sometimes a single error is so substantial that it alone caused the attorney's assistance to fall below the sixth Amendment standard," Nero v. Blackburn, 597 F.2d 991, 994 (5th cir. 1979).

This error prejudiced Petitioner because

by being misinformed he could not make an intelligent decision. Furthermore, 24 years and 15 years is very different. Petitioner was 19 yrs. old when he was arrested, 24 years meant being in prison until he was 43 years old, and 15 years meant ~~was~~ 34 years old. This would affect any young man's decision.

I/M JAMAh GROSVENOR

SBI# 367677    UNIT V-1H

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

United States District Court

Lockbox 18

844 King Street

Wilm, DE 19801